UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Daniel L. Meier,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )      Civil Action No.  07 1940
                                    )
Detroit Diesel Corporaton *et al.*, )
                                    )
                Defendants.         )


MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will direct plaintiff to show cause in writing why this case should not be transferred.

Plaintiff is a resident of Southfield, Michigan, suing Michigan-based Detroit Diesel Corporation, the Federal Bureau of Investigations ("FBI"), the Department of Homeland Security, two local law enforcement entities in Florida and one in Michigan, and a hospital in Michigan. He also names as defendants three judges and two lawyers in Florida, a doctor and one other individual in Michigan, and a doctor and one other individual in Georgia. Plaintiff describes this action as "a civil criminal action seeking compensatory, punitive and exemplary damages [for] conspiracy to overthrow the U.S. government by violent means, civil war, domestic terrorism, attempted murder, false imprisonment, kidnapping, abduction, extortion" and other various misdeeds. Compl. at 1. He seeks $34,485,000 in damages.

In essence, the 106-page complaint, augmented by 49 exhibits, faults the defendants for alleged actions in Michigan and Florida that somehow affected plaintiff's Marital Settlement Agreement ratified in 1997 by the Circuit Court of the Second Judicial Circuit for Leon

County, Florida, which awarded sole custody of the couple's minor daughter to him. Compl. Exs. 1, 2. None of the alleged events occurred within the District of Columbia; thus, it is unclear why plaintiff filed the complaint here.

All of the claims, except one, are brought in the wrong court. *See* 28 U.S.C. § 1391 (b)(2) (designating the proper venue under the circumstances presented as the location where a substantial part of the events giving rise to the claim occurred). In Count 14 of the complaint, plaintiff sues the FBI and Homeland Security under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, based on his alleged requests for records pertaining to some of the activities underlying the complaint. FOIA claims may be heard here, in the district court of the plaintiff's residence or principal place of business, or in the district court where the requested records are located. 5 U.S.C. § 552(a)(4)(B). Because this venue is not proper for litigating most of plaintiff's multifarious claims, the interests of justice and judicial economy support transferring the case to an appropriate federal court after plaintiff has been permitted the opportunity to state otherwise. Accordingly, it is

ORDERED that within 30 days of this Order, plaintiff shall SHOW CAUSE in writing why this case should not be transferred to either the Northern District of Florida or the Eastern District of Michigan. If plaintiff fails to comply within the time provided, the Court will transfer the case to the Eastern District of Michigan, which is an appropriate venue for the FOIA claim and the related claims based on occurrences in Michigan.

Date: October 24, 2007

_____
United States District Judge