**RECEIVED**

NOV 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

**DANIEL L. MEIER**

    Plaintiff,

v.

**DETROIT DIESEL CORPORATION** et. al.

Case No. 07-1940
Hon. Richard W. Roberts

### PLAINTIFF'S RESPONSE TO MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff, Daniel L. Meier, files this Plaintiff's Response to Memorandum and Order to Show Cause as support the plaintiff states:

Plaintiff would have responded earlier to the order to show cause but was incapacitated 12 days by kidney stones and two emergency room visits.

1.    Plaintiff filed his complaint in Washington D.C. on September 18, 2007 as essentially an emergency complaint and request for action based on some of the most extreme violations of constitutional, due process, and human rights imaginable. Taken as true the complaint repeatedly presents facts which clearly and plainly on it's face show cause why the venue is proper for the District of Columbia.

1. Plaintiff has been denied his constitutional rights by both the Michigan and the Florida jurisdictions

2. Federal Judge Cleland in the eastern district of Michigan is conspiring with DDC counsel to commit extortion by illegal sanctions as a means and weapon to prevent the plaintiff's access to the judicial system and harass the plaintiff and prevent him from exercising his legal rights in a blatant obstruction of justice.

3. The headquarters for the Federal Bureau of investigations is located in the District of Columbia rendering D.C. the proper venue to review their alleged illegal acts.

4. The Headquarters of Homeland Security is located in the District of Columbia rendering D.C. the proper venue. to review their alleged illegal acts.

6. There is more than three states involved in the proceedings when all acts are considered in their full context establishing diversity of citizenship.

5. As agreed the FOIA claims may be heard in the District of Columbia, this being true the remaining actions being addressed in the D.C. venue would support judicial economy.

6. The current violations of due process rights are properly reviewed in the D.C. jurisdiction, as they are by the Clerk's office of the District of Columbia as in the supplement to the complaint to follow.

7. While filing the complaint on September 18, 2007 in Washington D.C. plaintiff was followed by a government agent to intentionally harass plaintiff. The agent briskly and immediately removed himself when plaintiff turned around and spotted him following on foot. He was dressed in an all black suit with black sun glasses.

8. The plaintiffs due process and constitutional rights

take precedence over judicial economy (if) judicial economy was served by a different venue which the plaintiff contends cannot be the case in Florida and Michigan.

9. The Michigan venue includes 2 continuous years of denial of due process rights in plaintiff's cases. Clearly a full and fair opportunity to litigate is not present in that venue.

10. The Michigan district court is conspiring with the defendant to illegally use sanctions, not supported by Rule 11, as a threat and a weapon to prevent the plaintiff access to the judicial system in blatant and intentional acts of extortion and willful oppression under color of law by Judge Cleland.

11. The Florida venue is 1000 miles from the plaintiff and initiated and continues to support continuing acts of abduction, grand theft, extortion, fraud, obstruction of justice and many other illegal acts.

**26 U.S.C.A. § 7214 (a)(1), (2)** provides that any officer or employee of the United States acting in connection with any revenue law of the United States (1) who is guilty of any extortion or wilful oppression under color of law; or (2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward except as prescribed by law, for the performance of any duty, shall be dismissed from office or discharged from employment, and upon conviction fined not more than the sum certain or imprisoned not more than a specified number of years or both.

2. The plaintiff was instructed by the D.C. Court that service of subpoenas on the defendants would take place when the case number and judge was assigned, this has not been done, unfairly prejudicing the plaintiffs rights to have the defendants served with a summons. The plaintiff's case and rights have been irreparably compromised as the defendants are now provided with additional time to review the complaint

online without responding to a summons. This for all intensive purposes has irreparably and unfairly prejudiced the case.

    3. The actions of the current court show a deliberate indifference as the extreme illegal acts, violations of constitutional rights, and basic human rights, and due process rights and the situation being supported by continuing acts that adversely affect the plaintiff's clearly grievous situation and national security.

    4. The plaintiff was denied being assigned a case number and a judge for 6 weeks and the reason given by the D.C.clerk's office is that *if* the plaintiff was not in pauper status and paid the filing fee he would have had a case number right away. That statement alone is questionable as the clerks office was closed when the plaintiff time stamped and dropped off the complaint. To wait 6 weeks in *any* case is unreasonable, against court rule, and only further subjects the plaintiff to continued illegal acts and conditions while the case is not addressed, this in and of itself is outrageous, when others are not treated in the same manner it is clearly discriminatory and a violation of civil rights and due process rights. It was made clear in the complaint that time was of the essence as the prior illegal actions of the government entities and other defendants is causing the plaintiff dramatic and immediate losses.

>LCvR 40.3
>MANNER OF ASSIGNMENT
>(a) RANDOM ASSIGNMENT.
>
>(2) At the time a civil complaint is filed or an indictment or information is returned in a criminal case, the case shall be assigned to the judge whose name appears on the screen when the appropriate deck is selected. The Clerk shall also stamp on the indictment, information, complaint or other initial pleading of each case, and on the file jacket, the number of the case and the name of the judge to whom it is assigned. The numbering and assignment of each case shall be *completed before processing of the next case is begun*. Notwithstanding the foregoing, a civil case, requiring an emergency hearing, which is filed after normal business hours, shall not be assigned to a judge until the next business day.

5. Since the court has chosen to proceed in this non standard mode the defendants have taken renewed retaliatory action in further support of their kidnapping and abduction by preventing the plaintiff all contact with his daughter for the past 4 weeks even in violation of prior court visitation orders.

6. The plaintiff finally spoke with his daughter on November 15, 2007 for approximately 5 seconds (consistent with the abduction). The child sounded as she was afraid and crying when she stated she did not want to talk when just before the complete denial of contact daughter made it clear she desired to see her father. The actions (or intentional inaction) of the Grady County Sheriff's Department (Georgia) is now supporting the kidnapping and child abduction not addressing the

former wife's actions to illegally further the acts of abduction established in the instant complaint filed September 18, 2007 and refusing to enforce any provision (including the automatic law enforcement provision) even after being faxed the documents in so further endangering the welfare of the child and contributing to the delinquency of a minor in supporting violations of court orders. This issue is also to be addressed shortly and adds a third venue in this diversity action.

Homeland Security has continued their actions to interfere with the plaintiff's life liberty and pursuit of nearly anything. The acts as stated in the complaint are occurring on a continuing basis.

WHEREFORE, the plaintiff requests of the Court due to the diversity of citizenship and other reasons supported in the complaint and the preceding paragraphs that the proper venue be the District of Columbia.

November 18, 2007                Respectfully Submitted,

                                 /s/ Daniel L. Meier
                                 Daniel L. Meier
                                 21223 Seminole Street
                                 Southfield, Michigan
                                 48034
                                 (313) 303-6093